**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:12-cr-20258-JTF-tmp |
| JACOB RHODES, | ) | |
| Defendant, | ) | |

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Jacob Rhodes Motion to Dismiss Counts 2 and 3 of the Indictment, filed on January 11, 2013. Plaintiff United States of America filed its Response to the Motion to Dismiss on January 17, 2013. Defendant filed his Reply Brief in Support of his Motion to Dismiss on January 30, 2013. On January 31, 2013, the Motion was referred to the Magistrate Judge. On February 28, 2013, the Magistrate held oral arguments on Defendant's Motion. The Magistrate entered a Report and Recommendation Denying Defendant's Motion to Dismiss on March 5, 2013. No objections were filed against the Magistrate's Report and Recommendation.

The Court has reviewed the Magistrate Judge's Report and Recommendation, which includes the facts adduced during oral arguments of the Motion, the Magistrate's legal analysis, Defendant's Motion, and the entire record. The Court ACCEPTS the Magistrate's Report and

1

Recommendation Denying Defendant's Motion to Dismiss. Therefore, Defendant's Motion is DENIED.

## I. LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion to dismiss or quash an indictment or information made by the defendant is included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a de novo determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting Matthews v. Weber, 423 U.S. 261, 275 (1976) ("in providing for a 'de novo determination' Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

## II. ANALYSIS

### A. Magistrate Judge properly determined that indictment's failure to identify the control substance used by Defendant is not an essential element of the offense

The Magistrate Judge correctly found that the indictment's failure to identify the control substance used by Defendant is not an essential element of the offense. Fed. R. Crim. P. 7(c)(1)

2

states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Sixth Circuit has elaborated on this rule and has opined that,

> [A]n indictment that recites statutory language in describing the offense is "generally sufficient . . . as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the element necessary to constitute the offence intended to be punished."

*U.S. v. Hudson*, 491 F.3d 590, 593 (6th Cir. 2007) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Here, Defendant is being charged under 18 U.S.C. § 922(g)(3), which states that

> It shall be unlawful for any person
> . . .
> (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802));
> . . .
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Counts 2 and 3 of the indictment against Defendant are nearly indistinguishable to the §922(g)(3) language.[1] Although Defendant argues that the type of controlled substance is an essential element of the offense and must be included in the indictment, he is incorrect.

---

[1] Count 2 of the indictment states,

On or about July 25, 2011, in the Western District of Tennessee, the defendant Jacob Rhodes, then being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Mossburg 500, 12 gauge shotgun, said firearm having been shipped and transported in interstate commerce; all in violation of Title 18, United States Code, Section 922(g).

Count 3 of the indictment states,

On or about January 25, 2012, in the Western District of Tennessee, the defendant Jacob Rhodes, then being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess, in and

3

As the Magistrate properly assessed in his Report and Recommendation, "A defendant's status as an unlawful user of a controlled substance under § 922(g)(3) is analogous to a defendant's status as a convicted felon under § 922(g)(1)." (D.E. #27, p. 6). As evidenced by the Court in *United States v. Smith*, 27 F. App'x 577, 581 (6th Cir. 2001), "the specific type of firearm possessed by a felon is not an essential element of the offenses charged under § 922(g)(1)." Accordingly, the same came be applied to offenses charged under § 922(g)(3). The specific type of controlled substance that a defendant uses at the time of the firearm possession is not an essential element that must be included in the § 922(g)(3) offense. Therefore, the Magistrate properly found that indictment's failure to identify the control substance used by Defendant is not an essential element of the offense and does not render the indictment defective.

### B. Magistrate Judge properly determined that Counts 2 and 3's multiplicity do not prejudice Defendant

The Magistrate Judge properly found that Counts 2 and 3 of the indictment are multiplicitous, but that the multiplicity does not prejudice Defendant. Defendant argues that because the government cannot show a break in possession of the firearm, then his continuous use of controlled substances while in possession of the same firearm deems Count 2 and 3 multiplicitous. Plaintiff concedes to Defendant's argument and Defendant is correct in his reasoning. However, Defendant also argues that the indictment's failure to identify a specific controlled substance is relevant in determining the multiplicity of Counts 2 and 3. Defendant is incorrect in his argument.

---

affecting interstate commerce, a firearm, that is, a Mossburg 500, 12 gauge shotgun, said firearm having been shipped and transported in interstate commerce; all in violation of Title 18, United States Code, Section 922(g).

The Magistrate properly reasoned that the Defendant's case is both analogous and distinguishable to *Ball v. United States*, 470 U.S. 856 (1985), and *United States v. Throneburg*, 921 F.2d 654 (6th Cir. 1990). In *Ball*, the Supreme Court held that "although [the] Government could seek [a] multicount indictment against defendant for receiving and possessing the same weapon where a single act established the receipt and possession, defendant could not suffer two convictions or sentences on that indictment." 470 U.S. at 856. The *Ball* court ruled that if a jury found a defendant guilty on a multicount indictment for a single act, the district court judge has the discretion to enter judgment on only one count. *See id.*

In *Throneburg*, the Court ruled that the district court did not err under § 922(g)(1) for "refusing to compel the prosecution to elect between two counts of firearm possession, one charging unlawful possession of a gun and the other charging unlawful possession of ammunition." 921 F.3d at 655. In comparing these cases with the current one before the Court, the Magistrate properly adduced that, "there is a difference between the government choosing to prosecute a defendant for multiple statutory violations arising out of the same conduct (as in *Ball*) and prosecuting a defendant multiple times for the same statutory violation (as is the case here)." (D.E. #27, p. 13). Additionally, this case is distinguishable to *Throneburg* because the defendant in *Throneburg* was charged twice for the same statutory violation because of his possession of two different items (i.e. firearm and ammunition), while Defendant here is being prosecuted twice for a single, continuous possession of the same firearm.

However, even with this multiplicity issue, the Defendant has been unable to show how the indictment will prejudice him in trial or would cause confusion to the jurors. Thus, the Magistrate Judge properly concluded that the multiplicity of Counts 2 and 3 does not prejudice the Defendant and should not be dismissed.

5

## III. CONCLUSION

For the reasons set forth above, the Court Accepts the Magistrate Judge's Report and Recommendation to Deny Defendant's Motion to Dismiss.  Therefore, Defendant's Motion to Dismiss is DENIED.

BY THIS COURT:

*/s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge